# EXHIBIT A



Home        Government Records        Corporations        Search        **Details**

### Corporation Details

| American Resources Insurance Company, Inc. | |
|---|---|
| Corporation Number | 081 - 105 |
| Corporation Type | Domestic Corporation |
| Principal Address | MOBILE, AL |
| Status | Exists |
| Place of Incorporation | Mobile County |
| Incorporation Date | 1-27-1981 |
| Registered Agent | LEE, HARVEY LAMAR<br>1111 HILLCREST ROAD<br>MOBILE, AL 36695 |
| Nature of Business | INSURANCE |
| Capital Authorized | $1,000,000 |
| Capital Paid In | --- |
| **Incorporators** | |
| Incorporator Name | BENNETT, W K |
| Incorporator Name | GOWAN, JACK A |
| **Annual Reports** | |
| Report Year | 1987  1988  1989  1990  1991  1992  1993  1994  1995<br>1996  1997  1998  1999  2000  2001  2002  2003  2004<br>2005  2006  2007  2008  2009 |
| **Transactions** | |
| Transaction Date | 3-17-1995 |
| Registered Agent Changed From | BENNETT, W K<br>2636 ANTEBELLUM DRIVE<br>MOBILE, AL 36609 |

**Browse Results**        **New Search**

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993



Government Records
ALABAMA SECRETARY OF STATE
BETH CHAPMAN

Home       Government Records       Corporations       Search       Details

## Corporation Details

| Aric Investment, Inc. | |
|---|---|
| Corporation Number | 081 - 038 |
| Corporation Type | Domestic Corporation |
| Principal Address | MOBILE, AL |
| Status | Exists |
| Place of Incorporation | Mobile County |
| Incorporation Date | 1-12-1981 |
| Registered Agent | LEE, HARVEY LAMAR 1111 HILLCREST ROAD MOBILE, AL 36695 |
| Nature of Business | |
| Capital Authorized | $21,000,000 |
| Capital Paid In | --- |
| **Incorporators** | |
| Incorporator Name | GOWAN, JACK A |
| Incorporator Name | BENNETT, W K |
| **Annual Reports** | |
| Report Year | 1987  1988  1989  1990  1991  1992  1993  1994  1995 1996  1997  1998  1999  2000  2001  2002  2003  2004 2005  2006  2007  2008  2009 |
| **Transactions** | |
| Transaction Date | 3-17-1995 |
| Registered Agent Changed From | BENNETT, W K 2636 ANTEBELLUM DRIVE MOBILE, AL 36609 |
| Transaction Date | 10-17-2005 |
| Legal Name Merged | AR Acquisition, Inc. |
| Transaction Date | 12-22-2005 |
| Capital Amounts Changed From | $1,000,000 Authorized --- Paid In |
| Transaction Date | 1-4-2006 |
| Capital Amounts Changed From | $20,001,000 Authorized --- Paid In |
| Transaction Date | 1-4-2006 |
| Miscellaneous Filing Entry | AMENDMENT FILED |

**Browse Results**       **New Search**

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=081038&page=name&file=          9/18/2009

# EXHIBIT B



ELECTRONICALLY FILED
8/13/2009 3:17 PM
CV-2009-901565.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| AMERICAN RESOURCES INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. _____ ) |
| WARRANTECH AUTOMOTIVE, INC.; WARRANTECH AUTOMOTIVE OF FLORIDA, INC.; VEMECO, INC.; and BUTLER FINANCIAL SOLUTIONS, LLC | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff ARIC Investment, Inc. (hereinafter "Investment") and files the following Complaint against Defendants Warrantech Automotive, Inc. (hereinafter "Warrantech"), Warrantech Automotive of Florida, Inc. (hereinafter "Warrantech-Florida"), VEMECO, Inc. (hereinafter "VEMECO"), and Butler Financial Solutions, LLC (hereinafter "Butler").

1.  Investment, at all times material to this Complaint, was the sole shareholder of the stock of American Resources Insurance Company, Inc. (hereinafter "ARIC"). Investment is a distinct and separate entity from ARIC. Investment owns all shares of ARIC. ARIC is a domestic insurance company offering commercial property and casualty insurance policies to commercial clients.

## PARTIES

2.  Investment is a domestic corporation organized and existing under the laws of the State of Alabama with its principal place of business in Mobile, Alabama.

3.    Warrantech is a corporation organized and existing in the State of Texas with its principal place of business in Dallas, Texas.  At all times material to this Complaint, Joel SanAntonio, Jeanine Folz and Richard Gavino were employees of Warrantech Corporation and/or Warrantech.  Warrantech Corporation either owns or is affiliated with Warrantech,  Warrantech-Florida, VEMECO, and Butler; and Warrantech caused vehicle service contracts identifying those entities as obligor or administrator to be issued to members of the public.

4.    Warrantech-Florida is a corporation but Investment does not know where it was organized.  Investment believes that the principal place of business for Warrantech-Florida is Dallas, Texas.

5.    VEMECO is a corporation but Investment does not know where it was organized. Investment believes that the principal place of business for VEMECO is Dallas, Texas.

6.    Butler is a corporation but Investment does not know where it was organized. Investment believes that the principal place of business for Butler is Asheville, North Carolina.

### JURISDICTION AND VENUE

7.    Many of the acts complained of in this Complaint occurred in or were directed to Mobile, Alabama. There was substantial communication that crossed state lines and made in interstate commerce.

8.    The Defendants have requisite minimum contacts with the State of Alabama for Alabama to exercise personal jurisdiction over them. Some representative examples of the contacts are:

a)    entering into agreements with Alabama corporations;

2

b)   entering into an enterprise to induce Investment and ARIC to cause ARIC to issue separate Contractual Liability Insurance Policies to Warrantech and Butler;

c)   telephone calls and emails into the State of Alabama;

d)   sending money into the State of Alabama for deposit in Alabama banks;

e)   establishing and maintaining a bank account in Alabama; and

f)   conducting commercial activity in Alabama associated with paying claims on automobile vehicle service contracts, including withdrawing money from an Alabama bank to be deposited in a Texas bank to pay claims or to reimburse Warrantech for claims paid by Warrantech.

9.   Sometime in the year 2005, SanAntonio and Folz entered into communications with Susan Marino (hereinafter "Marino"), an owner of The Evoleno Company, LLC, Robert Vetkoetter (hereinafter "Vetkoetter"), at the time General Counsel of The Evoleno Company, LLC, other employees or members of The Evoleno Company, LLC (hereinafter "Evoleno"), and others not named. The goal of the communications was to create an enterprise (hereinafter "The Enterprise") to sell vehicle service contracts to purchasers of new and used vehicles, recreational vehicles and motorcycles. The Enterprise was a network of marketers and sellers of vehicle service contracts, including all Defendants named herein.

10.   "The Enterprise" needed an A-rated insurance company to provide insurance for vehicle service contracts in order for the sellers of vehicle service contracts to meet regulatory requirements established by the states in which vehicle service contracts would be sold. SanAntonio and Folz entered into communications with Marino, Vetkoetter, Jim Tait and Lee Summers to get ARIC involved in providing insurance for the vehicle service contracts marketed, solicited, administered, and/or managed by The Enterprise. At the time, Tait and Summers were officers and directors of both Investment and ARIC. As a result of these communications, ARIC entered into an

3

administration agreement with Warrantech and Investment entered into a marketing agreement with Evoleno.

11.     The communications by and between Marino, Vetkoetter, SanAntonio, Folz, Tait and Summers, in setting up "The Enterprise," were in the form of telephone conversations and emails at the same time or close in time to one another.

12.     At some time unknown to Investment, Butler entered into The Enterprise to avail itself of the use of ARIC as insurer or reinsurer on vehicle service contracts issued by Butler.

13.     At some time Warrantech brought Warrantech-Florida and VEMECO into The Enterprise.

14.     ARIC agreed to provide Contractual Liability insurance to Warrantech and Butler:

      a)     in states ARIC was licensed to conduct insurance business;

      b)     on vehicle service contract forms approved by ARIC;

      c)     with terms approved by ARIC;

      d)     with proper payment to ARIC.

15.     "The Enterprise" was now in place. Although guidelines were set, the Defendants issued or sold vehicle service contracts which were outside the approved guidelines agreed upon.

16.     On or about April 14, 2006, ARIC cancelled the Contractual Liability Insurance Policies it had issued to Warrantech and Butler. The effective date of cancellation was June 14, 2006, giving Warrantech and Butler 60 days notice of the cancellation.

17.     After the effective date of the cancellation of the CLIPs, knowing that the CLIPs were cancelled and knowing that ARIC had not issued a CLIP at all to Warrantech-Florida or to VEMECO, the Defendants continued to market and/or sell vehicle service contracts identifying

4

Warrantech, Warrantech-Florida, VEMECO, and/or Butler as obligor and ARIC as insurer (or reinsurer) of those contracts. The Defendants continued receiving money for sale of these vehicle service contracts identifying ARIC as insurer (or reinsurer) but suppressed from Investment and ARIC that vehicle service contracts were being sold after the cancellation of the CLIP.

18.     ARIC discovered in 2007, within two years of filing this Complaint, that there are at least 3,070 vehicle service contracts sold by the Defendants after the cancellation date of the CLIPs (June 14, 2006) identifying ARIC as the insurer (or reinsurer) to the consumer purchasers of the vehicle service contracts. The Defendants suppressed from Investment that the Defendants had continued selling vehicle service contracts after the cancellation date of the CLIP.

19.     Hermitage Insurance Company issued a Letter of Intent to purchase the shares of Investment in 2006. However, when conducting due diligence, Hermitage Insurance Company discovered that at least 3,070 vehicle service contracts had been sold after the cancellation of the CLIPs issued to Warrantech and Butler. These vehicle service contracts identified ARIC as the insurer (or reinsurer) and, therefore, exposed ARIC to the risk of having to insure the vehicle service contracts and pay claims on the vehicle service contracts if the obligor(s) failed to do so. Due to the unknown exposure presented to Investment's subsidiary, ARIC, by these vehicle service contracts, Hermitage Insurance Company could not obtain regulatory approval of the purchase and terminated the agreement to purchase the shares of Investment. The termination was caused directly by the fact that at least 3,070 vehicle service contracts had been sold or issued after the cancellation of the CLIPs.

20.     Based upon all the foregoing fraudulent, negligent, and reckless wrongdoing on the part of the Defendants, Investment lost the sale to Hermitage.

5

## COUNT I - FRAUDULENT SUPPRESSION

21.     The Defendants had a duty to disclose to ARIC and Investment the fact that at least 3,070 vehicle service contracts were sold by the Defendants after the cancellation date of the CLIPs. This was a material fact.

22.     Investment entered an agreement to sell its shares to Hermitage based upon the fact that the CLIPs had been cancelled and no more vehicle service contracts had been written after the cancellation date.

23.     The Defendants concealed or failed to disclose the material fact that at least 3,070 vehicle service contracts were sold by the Defendants after the cancellation date of the CLIPs.

24.     Investment was injured by the fraudulent suppression.

**WHEREFORE, PREMISES CONSIDERED,** Investment demands Judgment against all Defendants in such sum as a jury may return in compensatory and punitive damages, together with interest and costs.

## COUNT II - FRAUD

25.     Each time any Defendant sold a vehicle service contract after June 16, 2006 to a consumer, the sale was fraudulent.  The vehicle service contracts sold after June 16, 2006 identified ARIC as the insurer (or reinsurer) when the Defendants knew that ARIC was not the insurer and there was no Contractual Liability Insurance Policy in force and effect.

26.     Even though ARIC has no obligation to provide insurance for the vehicle service contracts so sold, it is exposed to the risk of claims and/or suits made by vehicle service contract holders holding vehicle service contracts identifying ARIC as insurer.

6

27.     Investment has been damaged by the fraudulent sales of vehicle service contracts identifying ARIC as insurer.  The Defendants knew that Investment was the sole shareholder of ARIC and would be damaged by damage to ARIC.

28.     Investment lost a sale to Hermitage Insurance Company as a direct result of the fraudulent sale of vehicle service contracts after the cancellation of the CLIPs issued to Warrantech and Butler.

**WHEREFORE, PREMISES CONSIDERED,** Investment demands Judgment against all Defendants in such sum as a jury may return in compensatory and punitive damages, together with interest and costs.

### COUNT III - NEGLIGENCE/RECKLESSNESS

29.     The Defendants were negligent or reckless in selling or allowing to be sold vehicle service contracts after the CLIPs to Warrantech and Butler were cancelled.

30.     The Defendants knew or should have known that the potential liability for their actions was restricted to a comparatively small group, including Investment.

31.     Investment was proximately damaged by the negligence/recklessness of the Defendants as set forth herein.

**WHEREFORE, PREMISES CONSIDERED,** Investment demands Judgment against all Defendants in such sum as a jury may return in compensatory and punitive damages, together with interest and costs.

7

## COUNT IV - WANTONNESS

32.     The Defendants acted with conscious disregard to the business of Investment with knowledge that their actions would harm Investment and with either an intent to harm Investment or with reckless indifference to the business of Investment.

33.     The acts set forth above were wanton and were taken with conscious disregard of the rights of Investment.

34.     Investment was proximately damaged and harmed by the wanton acts conducted by all Defendants as set forth herein.

**WHEREFORE, PREMISES CONSIDERED,** Investment demands Judgment against all Defendants in such sum as a jury may return in compensatory and punitive damages, together with interest and costs.

## COUNT V - RICO VIOLATION

35.     Investment and the Defendants are "persons" within the meaning of 18 U.S.C. §1961(3).

36.     Section 1961(1) of RICO provides that "racketeering activity" includes any act indictable under 18 U.S.C. §1341 (relating to mail fraud) and 18 U.S.C. §1343 (relating to wire fraud).  The Defendants entered into an enterprise which included other parties not named as parties in this suit, including Jay Tuerk, Sandra Marino, Robert Vetkoetter and Evoleno.  The Defendants conspired and agreed with the other parties to The Enterprise.  All Defendants have and continue to engage in conduct violating each of these laws to effectuate their scheme.  The Defendants' employees had telephone communications and email communications across state lines (between

Texas and Alabama or Florida, and at times other states where Tait and/or Summers were located) so that the Defendants could sell vehicle service contracts to the public.

37.     In addition, in order to make The Enterprise effective, the Defendants sought to and did aid and abet Vetkoetter, Marino and TEC in violating the above laws within the meaning of 18 U.S.C. §2. As a result, their conduct is indictable under 18 U.S.C. §§1341 and 1343.

38.     The Defendants and the other members of The Enterprise, in violation of 18 U.S.C. §1341 used the United States Mail and in violation of 18 U.S.C. §1342, used telephone and Internet lines across state lines to communicate among themselves and with ARIC and to wire transfer money (or order wire transfers) across state lines in interstate commerce. In furtherance of The Enterprise, the Defendants conspired and agreed to suppress from Investment the true facts as set forth herein.

39.     Each sale of a vehicle service contract after the cancellation of the CLIPs constitutes a predicate act of The Enterprise. When a vehicle service contract was sold to a consumer after the cancellation date, it fraudulently represented to the consumer that ARIC was insuring or reinsuring the vehicle service contract when it was not, and the Defendants knew it was not. Money was collected from the consumer and transported across state lines to Texas where Warrantech was located, by either mail or wire transfer. Forms identifying ARIC as insurer or reinsurer were mailed or otherwise transmitted to car dealers and/or vehicle service contract marketers to use to sell vehicle service contracts to the public. Investment is aware of at least 3,070 predicate acts pursuant to The Enterprise.

40.     The Defendants have engaged in a "pattern of racketeering activity," as defined by 18 U.S.C. §1961(5), by committing or aiding and abetting in the commission of at least two acts of racketeering activity, *i.e.*, indictable violations of 18 U.S.C. §§1341 and 1342 as set forth herein

within the past ten years.  In fact, the Defendants have committed or aided and abetted in the commission of numerous acts of racketeering activity.  In February 2005, to further the fraudulent scheme, Warrantech employees had two or more telephone conversations and email communications with Vetkoetter, Marino and Tait regarding the establishment of The Enterprise. Warrantech aided and abetted the other participants in The Enterprise by handling the money for the vehicle service contracts.  Each act of racketeering activity was related, had a similar purpose, involved the same or similar participants and method of commission, had similar results, and impacted Plaintiff Investment.

41.     The Defendants continued to sell and write vehicle service contracts across state lines, collect money from across state lines, and conduct fraudulent activities across state lines.  Each vehicle service contract sold by the Defendants after the effective date of the cancellation of the CLIP which identifies ARIC as insurer for the vehicle service contract is fraudulent.  Each sale constitutes a predicate act in furtherance of The Enterprise.

42.     Investment has been damaged by the conduct of the Defendants.  Investment  has been damaged in that it has lost an opportunity to sell its shares to Hermitage Insurance Company.

**WHEREFORE, PREMISES CONSIDERED,** ARIC Investment, Inc. demands Judgment against all Defendants in such sum as a jury may return in compensatory and punitive damages, together with interest and costs.

### JURY DEMAND

Plaintiff ARIC Investment, Inc. demands a trial by struck jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this the 13th day of August, 2009.

s/ Micheal S. Jackson
**MICHEAL S. JACKSON [JAC015]**
Attorney for ARIC Investment, Inc.

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
   PATTY & FAWAL, P.C.
P. O. Box 1988
Montgomery, AL 36102-1988
(334) 834-5311
(334) 834-5362 (fax)

**DEFENDANTS MAY BE SERVED VIA
CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AS FOLLOWS:**

**WARRANTECH AUTOMOTIVE, INC.
2200 HIGHWAY 121
SUITE 100
BEDFORD, TX 76021**

**WARRANTECH AUTOMOTIVE OF FLORIDA, INC.
2200 HIGHWAY 121
SUITE 100
BEDFORD, TX 76021**

**VEMECO, INC.
2200 HIGHWAY 121
SUITE 100
BEDFORD, TX 76021**

**BUTLER FINANCIAL SOLUTIONS, LLC
1854 HENDERSONVILLE ROAD A
ASHEVILLE, NC   28803-2494**

11

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>02-CV-2009-901565.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF MOBILE, ALABAMA
### AMERICAN RESOURCES INSURANCE COMPANY, INC. v. WARRANTECH AUTOMOTIVE, INC. ET AL

WARRANTECH AUTOMOTIVE, INC., 2200 HIGHWAY 121 SUITE 100, BEDFORD, TX 76021
NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHEAL STEWART JACKSON ESQ

WHOSE ADDRESS IS 250 COMMERCE STREET, SUITE 100, MONTGOMERY, AL 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   AMERICAN RESOURCES INSURANCE
pursuant to the Alabama Rules of the Civil Procedure                                   COMPANY, INC.

| 8/13/2009 3:17:34 PM | /s JOJO SCHWARZAUER | |
| --- | --- | --- |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s MICHEAL STEWART JACKSON ESQ
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____ in  _____ County, Alabama on  _____

_____                    _____
Date                                   Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>02-CV-2009-901565.00 |
|---|---|---|

### IN THE CIVIL COURT OF MOBILE, ALABAMA
### AMERICAN RESOURCES INSURANCE COMPANY, INC. v. WARRANTECH AUTOMOTIVE, INC. ET AL

**NOTICE TO** WARRANTECH AUTOMOTIVE OF FLORIDA, INC., 2200 HIGHWAY 121 SUITE 100, BEDFORD, TX 76021

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHEAL STEWART JACKSON ESQ

WHOSE ADDRESS IS 250 COMMERCE STREET, SUITE 100, MONTGOMERY, AL 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    AMERICAN RESOURCES INSURANCE
  pursuant to the Alabama Rules of the Civil Procedure    COMPANY, INC.

| 8/13/2009 3:17:34 PM | /s JOJO SCHWARZAUER | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s MICHEAL STEWART JACKSON ESQ
                                       Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____    _____
Date                           Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>02-CV-2009-901565.00 |
|---|---|---|

### IN THE CIVIL COURT OF MOBILE, ALABAMA
### AMERICAN RESOURCES INSURANCE COMPANY, INC. v. WARRANTECH AUTOMOTIVE, INC. ET AL

**NOTICE TO**   VEMECO, INC., 2200 HIGHWAY 121 SUITE 100, BEDFORD, TX 76021

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHEAL STEWART JACKSON ESQ

WHOSE ADDRESS IS 250 COMMERCE STREET, SUITE 100, MONTGOMERY, AL 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   AMERICAN RESOURCES INSURANCE COMPANY, INC.
  pursuant to the Alabama Rules of the Civil Procedure

| 8/13/2009 3:17:34 PM | /s JOJO SCHWARZAUER | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s MICHEAL STEWART JACKSON ESQ
                                   Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                         Server's Signature

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

AMERICAN RESOURCES INS CO

\*

Plaintiff(s)

\*

vs.

\*

CIVIL ACTION NO. CV09 - 901565

WARRANTECH AUTOMOTIVE INC ET AL

\*

DATE COMPLAINT FILED AUG 1 3 2009

\*

Defendant(s)

\*

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

## OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

## DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

## MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2)    That the issues in the case have been defined and joined;

(3)    That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)    That a jury trial has or has not been demanded;

(5)    The expected length of the trial expressed in hours and/or days;

(6)    A brief description of the plaintiff's claim;

(7)    The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)    That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)    That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY**

a.      Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.      Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.      Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. **DOCTOR, HOSPITAL AND MEDICAL RECORDS**

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3. **DAMAGES**

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4. **AGENCY-TIME AND PLACE-DUTY**

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____    AUG 1 3 2009

Charles A. Graddick, Presiding Circuit Judge